HILL COUNTY v. BRYANT & HUFFMAN ET AL.

No. 4242. Decided April 10, 1929.
(16 S. W., 2d Series, 513.)

*John D. Abney* and *Morrow & Stollenwerck,* for plaintiff in error.

The court erred in sustaining the general demurrer of the defendants, Bryant and Huffman, and L. S. Bryant and T. E. Huffman, and the American Surety Company of New York, to the plaintiff's first amended original petition, and in dismissing the cause of action stated in said petition, and in holding that the contract declared on in plaintiff's first amended original petition was illegal and void.  15 C. J., pp. 533 and 544; Spaulding County v. Chamberlin, 61 S. E., 533; Weatherhogg v. Jasper County, 158 Ind., 14, 62 N. E., 477; Covington County v. Merrill, 68 So., 971; Page on Contracts, sections 1897, 1952, 1953, 1954, 1956; Belfast v. Belfast Water Co., L. R. A., 1917 B, p. 908; 13 C. J., p. 505; Helena v. Turner, 36 Ark. 577; Madison v. Engineering Co., 95 N. W., 1097; Section 1275, McQuillin on Municipal Corporations, vol. 3, p. 2773; St. Louis v. Davidson, 102 Mo., 49, 14 S. W., 825; Slaughter Cattle Co. v. Potter Co., 235 S. W., 295;

City of Corpus Christi v. Central Wharf Co., 27 S. W., 803; Bond v. Manufacturing Co., 18 S. W., 691; Argenti v. San Francisco, 16 Cal., 255; Bell v. Kirkland, 113 N. W., 271; Smith v. White, 25 S. W., 809; Logan v. Texas Loan Ass'n, 28 S. W. 141; Blades v. Hawkins, 112 S. W., 979; Hanson Co. v. Ogden, 110 N. W., 32; Letahn v. Jackson Co., 1917 D, Annotated Cases, p. 438; City of Ft. Worth v. Reynolds, 190 S. W., 505; Paving Co. v. Mt. Clements, 106 N. W., 888; Welston v. Morgan, 62 N. E., 127; City of Unionville v. Martin, 69 S. W., 605; Daniels v. Tierney, 102 U. S., 415, 26 Law Ed., 187; Diering v. Gillespie, 77 N. W., 568; Edwards Co. v. Jennings, 33 S. W., 585; McQuillin on Municipal Corporations, Secs. 1275, 1276, Vol. 3, pp. 2773, 2774; Middleton v. State, 22 N. E., 123; Ruling Case Law, Secs. 351 and 352; Town of Monticello v. Cohn, 3 S. W., p. 30.

*Wear, Wood & Wear,* for appellees Bryant & Huffman.

The Commissioners' Court of Hill County had no general authority under the Constitution, but only had such special powers and jurisdiction over all county business as is conferred by the Constitution itself, and the statutes of the State not in conflict with the Constitution. The act of the Commissioners' Court of Hill County in entering into the contract declared upon and set out in plaintiff's petition was not the exercise of such powers as are specifically conferred upon them by the Constitution and laws of the State of Texas or necessarily incidental to any such powers expressly conferred, and the act of the Commissioners' Court being without authority was void, and appellant's cause of action as shown in its petition being based upon said void act, the demurrer to said petition was properly sustained. Constitution of Texas, Art. 5, Sec. 18; Revised Statutes, 1911, Arts. 627, 2241; Bland v. Orr, 90 Texas, 494; Mills County v. Lampassas County, 90 Texas, 603; Cleburne v. G. C. & S. F. Ry. Co., 66 Texas, 461; Waxahachie v. Brown, 67 Texas, 528; Robertson v. Breedlove, 61 Texas, 316.

Where a power is granted to the Commissioners' Court and the method of its exercise prescribed either by the law granting the power or a subsequent statute, the prescribed method excludes all others and must be followed. Foster v. City of Waco, 255 S. W., 1104; Citizens' Bank v. City of Terrell, 78 Texas, 450–56; Bryan v. Sundberg, 5 Texas, 418; Blankenship v. City of Sherman, 76 S. W., 805; Special Laws, 36th Leg., Regular Session, p. 105, Secs. 10 and 11; Special Laws, 36th Leg., Special Session, p. 15.

The power of the Commissioners' Court of Hill County to employ a civil engineer as road superintendent for the purpose of making surveys and maps and superintending the construction of public roads in the county is to be found in and limited by the Special Road Law for Hill County as enacted by the 36th Legislature at its regular session, being Chapter 33, p. 105, Special Laws, as amended at the Second Called Session of the 36th Legislature, Chapter 7, page 15, Special Laws, and the method therein prescribed for exercising such power and authority is exclusive, and a contract made by the Commissioners' Court for the employment of a road superintendent in any other manner is without power and absolutely void, and non-enforceable by either party thereto. Special Road Laws for Hill County, 36th Legislature, Regular Session, p. 105; Special Road Laws for Hill County, 36th Legislature, Second Called Session, p. 15; Seward v. Falls County, 246 S. W., 728; Montgomery County v. Talley, 169 S. W., 1141; Baldwin v. Travis County, 88 S. W., 480–84; Greer v. Hunt County, 249 S. W., 831; Foster v. City of Waco, 255 S. W., 1104.

It being shown by the allegations of appellant's petition that the contract of employment between Hill County and Bryant & Huffman provides for and binds the County to pay Bryant & Huffman, as compensation for their services, a commission out of the amount of the estimates for labor and material put into the construction of the roads, said commission being 5% of all amounts actually expended where Federal or State aid is given, and 4% of all amounts expended from sale of bonds, and that the amount of such compensation is not a salary in a definite sum fixed by the Commissioners' Court, to be received for the services rendered during the time of employment, and not to be paid exclusively out of the road and bridge fund or any bond fund of the county, such contract is in direct violation of, and prohibited by the express provision of Section 10 of the Special Road Law for Hill County and void, and for this reason does not give a cause of action thereon for money advanced and to be repaid out of commissions as earned under the contract. The invalidity of the contract in this respect appearing from the allegations of the petition, the court properly sustained the general demurrer of this appellee. Same authorities.

It being shown from the allegations of the petition and the contract sued on, attached as an exhibit thereto, that the Commissioners' Court obligated the County to advance public moneys to Bryant & Huffman in the way of a loan, such contract involved on the part

of the Commissioners' Court a diversion of the public moneys of Hill County and the Road Districts set aside for the purpose of constructing public roads, and such obligation is not only against public policy, but contrary to the civil and criminal statutes of the state and renders the contract absolutely void. Constitution of Texas, Art. 8, Sec. 3; Art. 11, Sec. 3; Art. 3, Sec. 52; Articles 632, 635, 6966 R. S. 1911; Sections 6, 14, Hill County Road Law, 1919; Articles 96, 97, 104, 105, 107, Penal Code, 1911; City of Cleburne v. Brown, 73 Texas, 443; Howard v. Smith, 91 Texas, 8.

Where a county enters into a contract which its Commissioners' Court is without authority or power to make, such contract is wholly void, and neither party to it can be estopped by performance, in whole or in part, to show that the contract is void, and cannot be the foundation of any right of action. The invalidity of the contract sued on being shown by the plaintiff's petition, the general demurrer of this appellee was properly sustained. Edwards County v. Jennings, 35 S. W., 1053; Potter County v. C. C. Slaughter Cattle Co., 254 S. W., 775; Workmen's Mutual Aid Ass'n v. Monroe, 53 S. W., 1029; Gallup v. Liberty County, 122 S. W., 297–299; City National Bank of El Paso v. Fink, 24 S. W., 937; Baldwin v. Travis County, 88 S. W., 480; Rue v. M. P. Ry. Co., 74 Texas, 480; Presidio County v. Clark, 85 S. W., 476; Central Transportation Co. v. Pullman Palace Car Co., 138 U. S., 24, 11 Sup. Ct. 478, 39 L. Ed., 55; Arcata v. Green, 106 Pac. 86; Portland v. Bituminous Pav. Co., 52 Pac., 28; Montgomery v. Montgomery & W. P. Co., 31 Ala., 76–88; Kirkwood v. Meramec Highlands Co., 68 S. W., 761; McQuillin Mu. Corp., Vol. 3, Sec. 1276; 15 Am. & Eng. Enc. of Law, pp. 1101–2.

*Frazier & Averitte* and *O. L. Stribling,* for American Surety Co. of N. Y., appellee.

It being shown from the allegations of the petition and the contract sued on attached as an exhibit thereto, that the Commissioners' Court obligated the county to advance public moneys to Bryant & Huffman in the way of a loan, such contract involved on the part of the Commissioners' Court a diversion of the public moneys of Hill County and the Road Districts set aside for the purpose of constructing public roads, and such obligation is not only against public policy, but contrary to the civil and criminal statutes of the state and renders the contract absolutely void. Constitution of Texas, Art. 8, Sec. 3, Art. 11, Sec. 3, Art. 3, Sec. 52; Articles 632, 635,

6966, R. S., 1911; Sections 6, 14, Hill County Road Law, 1919; Articles 96, 97, 104, 105, 107, Penal Code, 1911; City of Cleburne v. Brown, 73 Texas, 443; Howard v. Smith, 91 Texas, 8.

Where a contract between the county and a contractor or employee is illegal and void, the bond executed to secure its performance imposes no obligation upon the surety on the bond, and no valid cause of action arises in favor of the county against the surety. Edwards County v. Jennings, 35 S. W., 1053; Howard v. Smith, 91 Texas, 16; Fisher v. Alexander, 137 S. W., 716.

It appearing from the allegations of the petition, together with the contract and bond sued on as attached to and made a part of the petition that the bond was required only to secure the faithful performance of the duties assumed by Bryant & Huffman as civil engineers under the contract, the obligee in the bond has no cause of action thereon for the recovery of money loaned or advanced to the principals under the terms of the contract. It was, therefore, proper to sustain a general demurrer to the petition.

MR. JUSTICE PIERSON delivered the opinion of the court.

The Court of Civil Appeals states the case as follows:

"The legislature, in 1919, passed a law 'creating a more efficient road system for Hill County.' Said act provided for the voting of bonds by the county or any political subdivision thereof for the purpose of building permanent roads, and provides that if bonds shall be voted the money derived from the sale of the bonds, 'after deducting fixed charges, shall be expended only in the subdivision or defined district from which it is collected, for the maintenance of the permanent roads after their construction, and of such other roads and bridges as may be required by the public interest in such subdivision or district. * * *' After the bonds are voted, 'the Commissioners' Court of said county, before such construction is begun, shall employ a road superintendent, who shall be a civil engineer, experienced and skilled in highway construction, and shall receive salary for his services during the time that he is employed by said Commissioners' Court in said construction, in a sum to be fixed by the Commissioners' Court, payable out of the road and bridge fund of said county.'

"It further provides that the road superintendent before entering upon the discharge of his duties shall take the oath of office required by law and give a bond in the sum of $10,000, 'conditioned that such county road superintendent will faithfully and efficiently discharge

and perform all the duties required of him by law or by the Commissioners' Court of Hill County.'

"It further provides that he shall make maps and profiles of all the roads in the county and prepare and file with the Commissioners' Court, plans, specifications and estimates for laying out and building all of the roads in the county. The said special law for Hill County supersedes the general road laws where they conflict with said special law, and the courts are required to take notice of the special law. Local & Special Laws 36th Leg., p. 105.

"Appellant alleges that on July 19, 1919, it employed Bryant & Huffman, a firm composed of L. S. Bryant and T. E. Huffman, to do all engineering work on highways and roads in road districts Nos. 1, 2, 3, 6, 7, 9, 10 and 11 in Hill County, and that under the terms of said contract Bryant & Huffman were to do all the engineering work in said districts, making the necessary surveys, reports, maps and profiles, and were to receive for their services a commission of five per cent of all amounts actually expended up to and including the date of their discharge, for labor and material actually used in constructing roads where federal or state aid is given in the construction of such roads, and four per cent for material and labor used in the construction of roads paid for exclusively with money received from the sale of bonds issued by said road districts, and that said commission should be the full compensation that said engineers should receive. Paragraph 17 of said contract reads as follows:

" 'It is further agreed that in view of the fact that it will require considerable outlay of money in the preliminary work on the part of said engineers before there can be earned by them any considerable sum under this contract on account of work constructed, and in order to aid them in meeting the expense incident to such preliminary work, the Commissioners' Court of Hill County hereby agree that so long as it shall be deemed advisable by them, and in no event longer than ten months from the 10th day of August, 1919, to allow said engineers to draw monthly a sum not to exceed $4500.00 to meet such preliminary expenses. Such sums as (are) to be charged against the amount contracted to be paid such engineers as per the terms of this contract, to be pro rated between the several road districts as said amounts may be advanced, and to be taken into account and liquidated as said engineers shall earn their compensation under this contract. It is further understood and agreed that the provisions of this agreement shall only be continued in force as

the said Commissioners' Court may deem it necessary to continue same in force.'

"Appellant alleged that under the terms of the contract it had a right to discharge the engineers at any time it saw fit, without giving any reason therefor; and in the event they were discharged the engineers should receive commissions only on the amount that had been actually expended on the roads; that on April 28, 1921, it did discharge said engineers, and that at said time appellant, under paragraph 17 above quoted, had paid to the engineers $13,702.40 more than they had earned under said contract. Appellant alleged that the appellee, American Surety Company of New York, had executed the bond as called for in said contract in the sum of $25,000.00, a copy of same being attached to the petition, the condition of the bond being:

" 'If the principal (Bryant & Huffman) shall faithfully perform all of the duties set out in said contract (between them and Hill County), a copy of which is hereto attached, and other duties customarily and usually performed by a county superintendent of road construction or a county engineer in planning and supervising the construction of a road system and in accordance with plans and specifications that may be adopted by the Commissioners' Court of Hill County, then this obligation shall become void and of no effect. Otherwise to remain in full force and effect; *and said principal and surety shall indemnify the obligees against any loss* and said principal and surety shall indemnify the obligees against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract; provided, however, and upon the express condition, in the performance of which shall be a condition precedent to any right to recover thereon,—first, that in the event of any default on the part of the principal, a written statement of the particulars and facts showing such default and the date thereof shall be delivered to the surety by registered mail at its office in the City of Austin, Texas, promptly, and in any event within ten days after the obligee shall learn of such default.' (The italicized words appear in the bond, but were left out by the Court of Civil Appeals.)

"This suit was brought by appellant against Bryant & Huffman and against the American Surety Company to recover said $13,702.40. There is no allegation contained in the petition that any road bonds had been at any time voted by Hill County or any of its road districts; or that the engineers, or either of them, ever

took the oath of office as required by law for county engineers; or that any demand was made on the surety company before the suit was filed, or that any notice was given to the surety company that the engineers had in any way failed to comply with their contract; or that the engineers had received more than a reasonable compensation for the work they had done, or showing the amount of money that had been paid to said engineers under the contract.

"Separate answers were filed by appellees Bryant & Huffman and the American Surety Company, consisting of a general demurrer, some special exceptions and special defenses. The trial court sustained the general demurrer of the appellees. Appellant declined to amend, and the cause was dismissed."

The Court of Civil Appeals affirmed the judgment of the trial court as to both defendants, Bryant & Huffman and the American Surety Company. We approve its judgment in sustaining the general demurrer of defendant in error American Surety Company. Clearly the liability asserted by Hill County against Bryant & Huffman was not covered by or even remotely contemplated in the Surety Company's indemnity bond. This is apparent even from a most casual reading of the provision for a bond in the Special Road Law of Hill County and of the obligation of the bond as quoted above in the statement of the case. Therefore the judgments of the District Court and of the Court of Civil Appeals as to the American Surety Company will be affirmed.

However, error was committed in sustaining the general demurrer of defendants in error, Bryant & Huffman, to plaintiff in error's petition.

The Special Road Law of Hill County provided that the Commissioners' Court of said county "shall employ a road superintendent who * * * shall receive salary for his services during the time that he is employed by said Commissioners' Court in said construction in a sum to be fixed by the Commissioners' Court"; that he "shall take the oath of office required by law and give bond," etc. The Court of Civil Appeals held that "the Commissioners' Court of Hill County had no authority or power to employ a firm as engineers on a commission basis," and said:

"We do not think it could be said that the Commissioners' Court of Hill County, under said provisions, could appoint a firm as road engineers, who, without taking any oath of office, should work on a commission and their fees be based on the amount of money that was spent under their directions. The Commissioners' Court of Hill

County had no authority or power to advance money to Bryant & Huffman either as pay or as a loan, for doing the work that was contemplated and required to be done by a road superintendent working on a salary basis."

It held that the contract of Hill County was beyond its scope of authority, *ultra vires* and void, and therefore Bryant & Huffman's general demurrer was properly sustained, and that the County's suit to recover the excess amount of $13,702.40, alleged to have been paid to and received by Bryant & Huffman, was properly dismissed.

The contract between Hill County and defendants in error, Bryant & Huffman, was fully executed, and according to plaintiff in error's allegations Bryant & Huffman had received and were retaining under it benefits they were not entitled to. They therefore were estopped to raise its invalidity. They received the benefits under the terms of the contract. Inasmuch as it is provided in the contract that they should receive $4500 per month, not to exceed ten months, as an advancement in aid of their work, with stipulation for an adjustment covering same out of their compensation of 5% or 4% on the cost of labor and material; and the contract being subject to cancellation upon five days' notice, it is a fair interpretation of said contract that Bryant & Huffman in the way of adjustment agreed to refund to the County any amount in excess of their 5% or 4%, in case the contract was terminated and such adjustment became necessary. Since, according to its terms, the contract has been executed, and especially since Bryant & Huffman have received benefits under it, they cannot retain such benefits and repudiate the contract under which the benefits accrued to them; that is to say, they cannot cling to the benefits of the contract with one hand, and with the other thrust its burdens aside.

In cases where corporations, municipal or otherwise,—partnerships or persons, attempt to avoid their liabilities under void but executed contracts, where such contracts are not *malum in se* or *malum prohibitum,* or against public policy, and where the benefits under them have been received, the law interposes an estoppel, and declines to permit the validity of such contracts to be called in question. This is a very wholesome and correct rule of law.

In the case of Bond et al. v. Terrell Cotton & Woolen Mfg. Co., 82 Texas, 309, 18 S. W., 691, the court says:

"It seems now to be settled, by the great weight of authority, that where there is question of a contract between a corporation and

another party, and the contract has been performed by the other party, and the corporation has received the benefit of the contract, it will not be permitted to plead that, on entering into the contract, it exceeded its chartered powers. Railway Co. v. Gentry, 69 Texas, 632, 8 S. W. Rep., 98, and the numerous authorities there cited. This rule operates conversely. If the other party has received from a corporation the benefit of a contract fully performed in good faith by it, he will not be heard to resist enforcement of the contract as to him, by pleading the mere want of power in a corporation to enter into the contract. Whitney Arms Co. v. Barlow, 63 N. Y. 70; Darst v. Gale, 83 Ill., 136; Bradley v. Ballard, 55 Ill., 417; Cozart v. Railroad, etc., Co., 54 Ga., 379; Atlantic & Pac. Tel. Co. v. Union Pac. R. Co., 1 Fed. Rep., 745; Dimpfel v. Railway Co., 8 Reporter, 641; Hitchcock v. Galveston, 96 U. S., 341; Natchez v. Mallery, 54 Miss. 497; Thompson v. Lambert, 44 Iowa, 239; Pittsburgh, etc., R. Co. v. Allegheny Co., 79 Pa. St., 210, 215; Watts' Appeal, 78 Pa. St., 370, 392; DeGroff v. American, etc., Co., 21 N. Y., 124; Hays v. Gas-Light etc., Co., 29 Ohio St., 330, 340; Railway v. McCarthy, 96 U. S., 258, 267; Bliss v. Doty (Minn.), 30 N. W. Rep., 465.

"This rule is supported by the more modern decisions, and seems to us to be founded in the suggestions of fair dealing and honesty. It does not appear, though the loaning of the money by the corporation to the appellant Bond was *ultra vires,* that his rights were in any way infringed by the transaction. Why, then, should he be heard to complain? If he should return the money which he received, he would be doing but an act of justice in restoring it to the stockholders of the corporation to whom it legitimately belongs."

Again it says:

"It appears to be the settled rule and doctrine of our highest tribunal that the benefited party to a contract executed by a corporation shall be held estopped from resisting the demand of a corporation founded upon such contract, even though, by the statutory character of the corporation, it is, by clear implication, forbidden to enter into the contract. Bank v. Whitney, 103 U. S., 99; Swope v. Leffingwell, 105 U. S., 3; Reynolds v. Bank, 112 U. S., 405, 5 Sup. Ct. Rep., 217. We therefore agree with the court below that the appellants, having received the benefit of the loan, are in no position to question its validity, and we conclude that the judgment should be affirmed."

See City of Corpus Christi v. Warehouse Co. et al., 8 Texas Civ. App., 94, 27 S. W., 803.

The judgment of the Court of Civil Appeals is affirmed as to defendant in error, American Surety Company of New York, and it is reversed as to defendants in error, Bryant & Huffman, and the cause is remanded to the District Court.

*Reversed and remanded.*