## BENSON v. DONLEY COUNTY.
### No. 3610.

Court of Civil Appeals of Texas. Amarillo.
April 13, 1931.

Cole & Porter, of Clarendon, for appellant.

R. Y. King and W. T. Link, both of Clarendon, for appellee.

RANDOLPH, J.

This suit was filed by Donley county as plaintiff against Benson as defendant, to recover for services rendered by the plaintiff in digging a drainage ditch to drain defendant's land, which ditch was dug at the request and for the benefit of the defendant. Judgment for the plaintiff. Defendant appeals.

The appellee has urged exceptions to each and every assignment of the appellant and we do not pass on these exceptions, for the reason that the controlling question which we shall decide disposes of most of the assignments and is in the nature of a fundamental error if the appellant is correct in his contention that the county was without power to enter into the contract sued on or to order the work done and for that reason no recovery could be had.

The plaintiff's petition alleges that a contract was entered into between plaintiff and the defendant for the plaintiff to dig a ditch on defendant's land for the purpose of draining said land. In the alternative the plaintiff also prays for judgment on quantum meruit for the labor performed and accepted by the defendant.

The plaintiff used its road machinery and road hands in the performance of the work at the request of the defendant. The defendant does not deny making the contract, but asserts a failure of the plaintiff to do the work as requested, which the jury settled by their verdict against him and further that the contract was ultra vires and could not be recovered on.

The case was submitted to a jury upon special issues, under which the jury found: (1) That the defendant sought, by request made through Commissioner Youngblood to the commissioners' court of Donley county, that the said court cause a drainage ditch to be dug on the defendant's farm; (2) that the defendant requested through Commissioner Youngblood, the county commissioners of Donley county to use and employ E. Price and plaintiff's road machinery for the purpose of digging a drainage ditch on the defendant's farm; (3) that the commissioners' court of plaintiff county accepted a proposition made by the defendant through Commissioner Youngblood to dig the drainage ditch on defendant's farm; (4) that a quorum of the county commissioners' court was present and agreed to and did orally accept defendant's proposition to dig a drainage ditch on defendant's farm before same was dug; (5) that a price of 10 cents per cubic yard of dirt to be removed in the digging of such ditch was orally fixed by the commissioners' court in session when a quorum was present as a charge for digging such ditch; (6) that, after the commissioners' court had fixed the price for digging the ditch at 10 cents per cubic yard, such price was agreed to and accepted by the defendant; (7) that 7,592 cubic yards of dirt were moved in the digging of the ditch; (8) that the defendant instructed plaintiff's employee, E. Price, before he began digging the ditch, to begin at a point at the end of the west line of the ditch on the north line of defendant's farm, running east and west, and then dig on a straight line from such point at the end of the ditch along the north line of defendant's farm in a southwest direction to the head of the gulch, terminus of the ditch to be dug on defendant's land; (9) that, before beginning digging the ditch, the defendant instructed E. Price, employee of the plaintiff, to dig such ditch upon any one of four locations pointed out by defendant in accordance with the best judgment and discretion of the said E. Price as to the location he should select; (10) that the said E. Price in the location and digging of said ditch used his best judgment and discretion in making the location and in digging said ditch; (11) that, in digging said ditch in accordance with such discretion of said

Price, it was necessary to dig a part of said ditch to a depth of 3 feet; (12) that it was necessary for the purpose for which the ditch was to be dug that the same was to be dug to the depth of 3 feet, and that same amounted to 1,350 feet. There are other answers not material here.

The appellant insists that a recovery of the price named in the contract for the work to be done by the plaintiff or of a recovery of same under quantum meruit cannot be had upon the contract or the quantum meruit, for the reason that said contract on the part of the plaintiff was ultra vires, but that the only liability for such work done by the county's agents was a right of recovery on the part of the county against its four commissioners along with the defendant for all sums as represent the wear and tear of the machinery, for wages, oil, gas, grease, etc., misapplied by plaintiff's said agents in doing the work under the contract.

 We cannot assent to this proposition in so far as the county's action against the defendant is concerned. We do not care to discuss the liability of the commissioners' court for the recovery of misapplied county funds in doing the work called for by the contract. The proposition upon which we base our decision in the case is that, the contract being an executed contract upon the part of the county, notwithstanding it was ultra vires, the county could recover the contract price, under its plea of quantum meruit, because the defendant, having received the benefits under such contract, could not defeat the county's recovery on the ground of its being ultra vires.

In the case of Albright v. Allday, 37 S. W. 646, 652, the Dallas Court of Civil Appeals held that, where the nonavailable school fund in charge of the commissioners' court of Cass county was loaned out by the commissioners and while the contract of lending was ultra vires the borrower is not in an attitude of denying the authority of the commissioners' court to make the loan.

The rule is applied in this case as to the defendant, who has received the benefits under the contract, not being in an attitude of being able to plead ultra vires as is applied in the matter of the disability of married women and minors who are resting under disability of not being capacitated to make a contract. Both married women and infants who have entered into contracts while resting under coverture or minority, can plead their disability, but the party who has received the benefits of the contract cannot do so. Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914, 917; 31 C. J. 1067, § 163.

A party dealing with a corporation is estopped to deny the authority of the corporation to make the contract where he has re-

ceived the benefits; that is, where the corporation has performed its part of the contract. 14A C. J. 330, § 2172; City of Corpus Christi v. Central Wharf & Warehouse Co., 8 Tex. Civ. App. 94, 27 S. W. 803; Lange Soap Co. v. Ward (Tex. Civ. App.) 269 S. W. 851; Taylor v. Callaway, 7 Tex. Civ. App. 461, 27 S. W. 934; Bond v. Terrell Cotton, etc., Co., 82 Tex. 309, 18 S. W. 691; Hill County v. Bryant & Huffman, 118 Tex. 359, 16 S.W.(2d) 513.

For the reason that the work agreed to be performed by the county had been fully performed and that the defendant had received the full benefit thereof, the defendant is estopped from pleading ultra vires as a defense to the county's suit.

All assignments of error are overruled, and the trial court's judgment is affirmed.