## DAVIS et ux. v. CASS COUNTY.

### No. 3588.

Court of Civil Appeals of Texas. El Paso.

Nov. 24, 1937.

J. R. Cornelius, of Jefferson, for plaintiffs in error.

Carney & Carney, of Atlanta, and B. F. Whitworth and C. R. Newland, both of Linden, for defendant in error.

NEALON, Chief Justice.

This is a suit brought by Alfonso Davis and wife against Cass County, Texas. It is pleaded in two counts. The first count is in the usual form of a petition in trespass to try title. The land involved is 55 acres in Cass County. The second count seeks to recover as damages the sum of $50 per acre alleged to have been received for an oil lease of the land. It was alleged that the county judge, without authority from the commissioners' court, caused plaintiffs to convey said land to the county, telling plaintiffs that he wanted a deed conveying said land to Cass County in cancellation of the indebtedness thereon, and that if plaintiffs did not convey the land to the county they would be sued, would have to pay the costs of court, and would eventually lose the land anyway.

The land involved was on December 1, 1925, conveyed to plaintiff Alfonso Davis by the Cass County State Bank by deed in which an express vendor's lien was retained to secure the payment of ten notes evidencing the unpaid balance of the purchase price. Said notes were thereafter transferred to appellee. December 10, 1931, plaintiff Alfonso Davis and Cass County, acting through its county judge, entered into a written agreement reciting that three of said notes had been paid, and providing that the balance of the debt, amounting to $650 evidenced by the last four notes, should be divided into six payments due, respectively, on the 1st day of December in the years 1932, 1933, 1934, 1935, 1936, and 1937.

Plaintiff paid nothing thereafter on the principal of said debt, interest became delinquent for several years, and taxes for at least two years. Thereupon in the early part of 1934, plaintiffs reconveyed the property to the county in consideration of the satisfaction of the debt and the return of the notes to plaintiff Alfonso Davis. The notes were returned to him, and he became a tennant upon the land. The commissioners' court authorized the settlement, but no order was entered in the minutes. Plaintiffs made no offer to return or re-execute the notes or otherwise care for the debt that had been evidenced by them. Judgment was for defendant. Plaintiffs appeal.

### Opinion.

Appellants' pertinent assignments of error may be condensed into two propositions: (1) The conveyance to the county was void, because the order of the commissioners' court authorizing the county judge to accept a conveyance of the land in consideration of the cancellation of the vendor's lien notes was not incorporated in the minutes; (2) the commissioners' court was without authority to authorize the county judge to accept a reconveyance of the land in satisfaction of the debt, and, therefore, plaintiffs in error should recover.

The courts have heretofore determined these questions adversely to the contentions of plaintiffs in error. In Rusk County v. Maloney (Tex.Civ.App.) 38 S.W. 2d 868 (writ refused), it was held that when the commissioners' court actually passed an order as they did in this case, it was not ineffective because not spread at large upon the minutes. To the same effect is Albright, County Judge, v. Allday (Tex.Civ.App.) 37

S.W. 646, which likewise stated the rule that disposes of the second assignment of plaintiffs in error in holding that one who has received the benefits of a fully performed contract may not be heard to question its validity. In Hill County v. Bryant & Huffman, 118 Tex. 359, 16 S.W.2d 513, the Supreme Court expressed its approval of the rule, citing numerous authorities.

Plaintiffs in error showed no right to recover.

Judgment is affirmed.