Cornelius & Heaton, of Jefferson, for appellants.

Carney & Carney, of Atlanta, and B. F. Whitworth, P. E. McMichael, and C. R. Newland, all of Linden, for appellees.

R. O. Kenley, of Houston, amicus curiae.

## DAVIS et ux. v. CASS COUNTY et al.

### No. 3619.

Court of Civil Appeals of Texas. El Paso.

Dec. 2, 1937.

NEALON, Chief Justice.

This is a suit in trespass to try title filed originally by Freeman Davis and wife and Clem Davis and wife against Cass County, Tex., appellee herein, and against Gulf Oil Corporation, Oscar Little, Trudie Little, Ida Little, Lela Little, Prudie Little, Clarence Little, Ida Little Johnson and husband, Tobie Johnson, Sam Love, Will Sanders, and Chas. H. Houston. Before the commencement of trial Freeman Davis and wife withdrew as parties plaintiff, leaving only appellants Clem Davis and wife, Willie Davis, as plaintiffs. The suit was in trespass to try title for two tracts of land, one containing 52.18 acres and the other tract containing 46½ acres. By a second count plaintiffs claimed under the five-year statutes of limitation, basing their claim upon a deed from Cass County State Bank of Linden, Tex., alleged to have been executed January 5, 1925. The deed was dated January 5, 1926. January 10, 1927, appellant Clem Davis conveyed the 46½ acre tract to Ed Franklin. The tract was part of his homestead and his

752

wife did not join in the deed. The consideration was the execution and delivery of seven vendor's lien notes, each in the sum of $112.32, which were taken by the Cass County State Bank, and the amount of which was credited to the notes executed by appellant in favor of the bank as part of the purchase price of the two tracts of land. Thereafter, having made default in the payment of said notes, Franklin reconveyed the 46½- acre tract to the bank, which in turn conveyed to Cass County, the bank having been named as grantee by mistake. The consideration for this conveyance was the cancellation of Franklin's notes, ownership of which had passed to the county. The Citizens State Bank of Linden became the owner of the Clem Davis notes by reason of having been taken over by the Cass County State Bank. The Citizens State Bank, being the depository of the defendant Cass County, and being indebted to said county in the sum of $40,142.29, entered into a settlement with the commissioners' court of said county whereby said bank conveyed to said county several tracts of land and numerous notes owned by said bank, among said notes being the Clem Davis notes. Appellants, having become delinquent in their payments, executed and delivered to Cass County a deed conveying the land in consideration of the cancellation of said vendor's lien notes. Subsequent to the conveyance of the 46½-acre tract to Ed Franklin, to wit, on January 4, 1930, appellants conveyed to Cass County, the then owner of all the Clem Davis notes, the 52.18-acre tract, as stated, and in said deed made mention of the deed to Franklin and the credits given on the Clem Davis notes by virtue of said transaction with Franklin. By deed dated February 10, 1930, Cass County, acting through its county judge and county commissioners, conveyed to Clem Davis, appellant, the north 33 acres of the 52.18-acre. tract involved in this suit, retaining vendor's lien to secure 5 notes executed by said grantee, each being in the sum of $100, except the 5th, which was for $128, the first falling due November 1, 1930, and one each on the 1st day of each succeeding month of November until all should be paid. February 1, 1934, Clem Davis, joined by his wife, reconveyed to Cass County said 33 acres in consideration of the cancellation and surrender of said 5 notes.

By final judgment dated July 1, 1936, rendered by the district court of Cass County, in a case to which Cass County was a party, title to the 52.18-acre tract was adjudged to be in Lela Little and Chas. H. Houston.

The case was tried to the court without the intervention of a jury. Findings of fact were made. From these findings the foregoing summary was made.

The court further found that: Clem Davis and wife did not pay the notes given by them to evidence the balance due on the purchase price of the above-described land, and that the conveyance to Cass County was voluntarily made by them for the purpose of canceling said notes; that upon accepting said conveyance the county surrendered said notes to the said Clem Davis, and that since making said conveyance Clem Davis and his family have occupied said land as tenants of the county and have been paying rent for the use of the land; that since making the conveyance appellants have never paid, or offered to pay, said notes or any balance owing thereon; nor have they, in their pleadings or otherwise, offered to do equity; that the claimed title and possession of appellants has at all times been subordinate to the claim, right, and title of defendants, and their predecessors in title, and has not been adverse to said defendants at any time.

The court further found that on and prior to February 11, 1929, the Citizens State Bank of Linden, which was then the depository bank of Cass County, Tex., and indebted to the county in excess of $40,000 on account of deposits made prior to said date, was in difficulties, and made an offer to compromise by transferring to the county certain lands and notes; that the offer was accepted; and that it was in pursuance of this compromise that appellants' notes were transferred to Cass County.

The court entered judgment denying recovery to plaintiffs upon their suit as against each and all defendants, and in favor of Cass County as to the 46½-acre tract, and in favor of Lela Little and Chas. H. Houston as to the 52.18-acre tract.

Plaintiff gave notice of appeal. The appeal is upon an affidavit of inability to pay costs or make bond. The affidavit is couched in the following language: "Clem Davis and wife Willie Davis, plaintiffs in the above entitled and numbered cause, pending in the District Court of Cass County, Texas, being duly sworn, says that at a regular term of said Court, to-wit, on the 31st day of October, 1936, the said Cass County, the defendant in said cause, recovered judgment against them, the said Clem Davis and

wife Willie Davis, for the title and possession of the land and premises described in plaintiff's petition, on the defendant's cross-action, and for costs of suit, from which judgment they desire to prosecute an appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, sitting at Texarkana, Texas, but that they are unable to pay the costs of an appeal, or any part thereof, or to give security therefor."

### Opinion.

■■ The body of the affidavit of inability to pay costs or give security therefor is copied in our preliminary statement. It will be noted that the only part of the judgment from which affiants expressed a desire to appeal was so much thereof as was in favor of Cass County upon its cross-action. This affected only the smaller tract. No desire to appeal from the judgment in favor of defendants Houston and Little for the larger tract was expressed. It was the right of appellants to thus limit their appeal. However, they have assigned as error the judgment in favor of other defendants, including Houston and Little, and have briefed the assignment. Mr. R. O. Kenley, who represented said last-named defendants upon trial, has appeared as amicus curiae and filed an argument challenging this court's jurisdiction in so far as his clients are affected. We think his contention is sound. There was naught in the affidavit to apprise said defendants of appellants' intention to seek a review of any part of the judgment, except that specifically mentioned. The mention of only a portion of the judgment affecting the interest of only one of several prevailing opponents by implication expressed an intention to abide the court's action as to the remaining parties and the land claimed by them. There is, therefore, before us no appeal except as the judgment affects Cass County.

■ Among other theories urged by appellants as requiring a judgment in their favor as to the 46½-acre tract conveyed by Clem Davis to Ed Franklin is the fact that said land was a part of their homestead, and Willie Davis, wife of Clem Davis, did not join in the deed. It appears from the record that the consideration for said conveyance was a credit of $95.22 entered by Cass County State Bank upon each of the purchase-money notes secured by vendor's lien upon both tracts. This credit was taken into account when the notes were transferred

by the bank, and was again recited when appellants conveyed to the bank. Thereby they not only acknowledged their debt, but ratified their former conveyance to Franklin by an instrument duly signed and acknowledged by husband and wife. The transaction amounted to a pro tanto payment upon the original notes, which were secured not only by the land conveyed to Franklin, but as well by the land retained, the court's finding upon this issue being: "That the consideration for the conveyance from Clem Davis to Ed Franklin was an attempt on the part of the said Clem Davis to adjust the lien on said 46½ acres of land on account of the purchase price thereof, and that the notes given by the said Ed Franklin to the said Clem Davis for the purchase price thereof were delivered and assigned by the said Clem Davis to the holder of the notes originally given by the said Clem Davis as a part of the purchase price of both tracts of land involved in this suit."

After the sale to Franklin appellants were held only for the balance remaining after applying said credits. The land was burdened with a valid lien which had precedence over the homestead privilege. The court further found that the superior title to all of the land which the bank held by virtue of its vendor's lien was assigned to the county. The wife's joinder was not necessary to enable the husband to satisfy a portion of the purchase money indebtedness in this manner. Clements v. Lacy, 51 Tex. 150; White v. Shepperd, 16 Tex. 163, 172; Cooper v. Hinman, Tex.Com.App., 235 S.W. 564; Evans v. Marlow, Tex.Civ. App., 149 S.W. 347.

■ It is further urged by appellants that the judgment herein should be reversed because the compromise between the Bank and Cass County, by which the latter acquired the notes executed by appellant Clem Davis, was unlawful. That contract was fully performed and may not be questioned on this appeal. Appellants have profited by the arrangement to the extent of being released from a debt they were unable to pay. The original notes were returned to them satisfied. They may not now challenge the validity of the proceeding which enabled them to secure this result. Albright, County Judge, v. Allday, Tex.Civ.App., 37 S.W. 646; Hill County v. Bryant & Huffman, 118 Tex. 359, 16 S.W.2d 513.

The judgment is affirmed.