

# The Attorney General of Texas

'IM MATTOX
torney General

preme Court Building
O. Box 12548
Austin, TX. 78711-2548
512/475-2501
lex 910/874-1367
lecopier 512/475-0266

4 Jackson, Suite 700
llas, TX. 75202-4506
214/742-8944

24 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
3/223-5886

6 Broadway, Suite 312
bbock, TX. 79401-3479
6/747-5238

.09 N. Tenth, Suite B
cAllen, TX. 78501-1685
512/682-4547

0 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 21, 1984

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-262

Re: Maximum bond which a county
may require of subdividers for
the construction and/or main-
tenance of roads

Dear Mr. Driscoll:

You have requested an opinion from this office on the following
question:

> What is the maximum amount of bond that . . .
> [Harris] County may require of subdividers for the
> proper construction and/or maintenance of roads?

In the brief prepared by your office, you inform us that your inquiry
arises from an apparent conflict among four statutes -- articles
6626a, 6626a.1, 6702-1, V.T.C.S., and the Harris County Road Law, a
Special Law of the Thirty-third Legislature. Acts 1913, 33rd Leg.,
Local & Special Laws, ch. 17, at 64.

Articles 6626a and 6626a.1, two of the statutes forming the basis
of your inquiry, were repealed in whole by the legislature during the
special session of 1984. Acts 1984, 68th Leg., 2nd C.S., ch. 8,
§2(b), at 145. The language of these articles, however, was reenacted
as sections 2.401 and 2.402 of the revised County Road and Bridge Act
(article 6702-1). Acts 1984, supra, at 73-78. Consequently, the
conflict between articles 6626a, 6626a.1, and the former version of
section 2.401 of the original County Road and Bridge Act is no longer
a matter of concern. The issue that does remain for our consideration
is whether revised article 6702-1 or the Harris County Road Law
controls in this instance.

The Harris County Road Law was enacted by the Thirty-third
Legislature pursuant to its authority granted by article VIII, section
9 of the Texas Constitution to pass local laws for the maintenance of
public roads and highways. Special laws enacted under this constitu-
tional provision supersede conflicting general laws, at least with
respect to the county designated by the special law. Hill County v.

Bryant & Huffman, 16 S.W.2d 513 (Tex. 1929). Section 33 of the Harris County Road Law acknowledges this rule:

> The provisions of this Act are, and shall be, held and construed to be cumulative of all General Laws of this State, on the subjects treated of in this Act, when not in conflict therewith, but in case of such conflict this Act shall control as to Harris County.

In our opinion, however, where there is no conflict between a general and a special law, or where the special law is silent on a subject treated explicitly by the general laws, the general law should not be displaced.

Furthermore, special laws enacted under article VIII, section 9 of the Texas Constitution grant the commissioners court not only control over the maintenance of existing public roads, but also over the laying out and construction of new public roads by the county as well. Dallas County v. Plowman, 91 S.W. 221, 222 (Tex. 1906). Public roads are those roads established by the authority of the commissioners court, by prescription, or by dedication and acceptance by the county. Attorney General Opinion JM-200 (1984) and cases cited therein. These principles, too, are incorporated into relevant parts of the Harris County Road Law:

> Sec. 1. That, subject to the provisions of this Act, the Commissioners Court of Harris County shall have control of all roads, bridges, drains, ditches, culverts and all works and constructions incident to its roads, bridges, and drainage, that have been heretofore laid out or constructed, or that may hereafter be laid out or constructed by Harris County, or under its direction.

> Sec. 2. Subject to the provisions of this Act, the Commissioners Court of Harris County shall have the power and right to adopt such rules and regulations for: (1) the proper construction and maintenance of its roads, bridges and drainage as it may see proper. . . .

> Sec. 3. Whenever any rules, regulations or course of procedure in connection with the construction or maintenance of the roads, bridges, and drains of Harris County may have been adopted, they shall thereupon be reduced to writing. . . .

>  . . . .

Sec. 16. The Commissioners Court shall have control of all matters in connection with the construction and maintenance of county roads, bridges and drainage, except such as it may from time to time, by resolution, delegate to the precinct road supervisor, and then under such rules and regulations as it may prescribe, and subject to their recall at its pleasure.

. . . .

Sec. 31-C. In acquiring rights-of-way for roads in Harris County, the Commissioners. Court shall determine the width of the right-of-way required, and establish the lines and alignment of the road. All of the field notes of roads so established and determined shall be filed with the Commissioners Court and be recorded on the Road Log of Harris County, and no expenditures shall be made by the Commissioners Court upon any road not carried on the Road Log. The Commissioners Court may adopt a system for carrying roads on the Road Log with the required width of the right-of-way to be established by the Court. Provided, however, no road shall be carried on the Road Log or maintained by the county on a right-of-way less than twenty (20) feet nor more than 600 feet in width unless the right-of-way was laid out or established on or after January 1, 1963. No subdivision or plat of lands in Harris County outside of incorporated cities shall be filed for record by the County Clerk of Harris County, Texas, until such plat or subdivision bears the signature of the County Engineer to the effect that the roads, as indicated on the plat, have met the requirements of the system adopted by the Commissioners Court pursuant to this Section as to the width of the right-of-way and have a base and surface of at least twenty (20) feet in width with the base and surface meeting the minimum requirements prescribed by the Commissioners Court by order duly entered in the minutes of said court, and that all requirements of Harris County and the Harris County Flood Control District as to drainage have been complied with.

The Harris County Road Law does not require real estate sub-dividers to post a bond for either the construction or maintenance of roads in subdivisions in Harris County. Section 9 of the law formerly

allowed the commissioners court of Harris County to require a bond of contractors for the construction of roads for the county; this provision, however, was repealed in 1979. Acts 1979, 66th Leg., ch. 422, at 915. In any event, section 9 was and remains applicable only to roads built with county funds -- it does not affect the construction and maintenance of roads in subdivisions in Harris County that are not built with county funds. Moreover, we are unaware of any rules or regulations adopted by the county commissioners requiring bonds from developers of subdivisions for such matters. Accordingly, we must resort to the general laws of the state to answer your question.

Article 6702-1, the County Road and Bridge Act, was revised and reenacted during the special legislative session of 1984. Acts 1984, supra, at 44. Sections 2.401(d)(7) and 2.402(d)(7) of the revised act authorize the commissioners court to require bonds for the construction of roads in subdivisions. The commissioners court may require the owner(s) of the land to be divided or subdivided to post a bond "for the proper construction of the roads and streets affected," conditioned upon the construction of such roads in accordance with specifications established by the commissioners court. Id. at 75, 78 (to be codified as V.T.C.S. art. 6702-1, §§2.401(d)(7) and 2.402(d)(7), respectively). The bond under either section "shall be in an amount as may be determined by the commissioners court not to exceed the estimated cost of constructing . . . [the] roads or streets." Id.

Section 2.401 applies to all counties in this state except those that elect to operate under section 2.402. Section 2.402 applies to counties of more than 2.2 million inhabitants which elect to operate under this section and to counties contiguous with a county of more than 2.2 million population that also elect to operate under this provision. We are unaware of whether the Harris County Commissioners Court has elected to operate under section 2.402; the maximum bond acceptable under the County Road and Bridge Act, however, remains the same. Therefore, in answer to your question we conclude that Harris County may require subdividers to submit a bond for the proper construction of roads in subdivisions in Harris County in an amount not to exceed the estimated cost of construction for such roads and streets. We shall now address the final issue raised by your inquiry.

In the brief prepared by your office, you argue that the commissioners court may also require subdividers to post a maintenance bond as a condition of plat approval or as a prerequisite to recording on the county road log. You contend that section 31-C of the Harris County Road Law (quoted above), when read in conjunction with the language of revised sections 2.401 and 2.402 of the County Road and Bridge Act, implicitly authorizes the county to require maintenance bonds in addition to construction bonds. Alternatively, you argue

that since acceptance of roads on the road log is equivalent to acceptance of such roads for maintenance by the county, a maintenance bond is a reasonable condition for such acceptance. We disagree with both contentions.

First, we note that the County Road and Bridge Act makes no provision for the acceptance of bonds ensuring proper maintenance of roads in subdivisions. And, in our opinion, such a bond cannot be implied from the language of the act; had the legislature intended maintenance bonds to be required of subdividers, it would have expressly required such bonds. Second, we believe that maintenance bonds contravene the policy underlying county maintenance of roads. By requiring subdividers to post bonds for the proper maintenance of roads, the county would effectively make these subdividers underwriters of work for which the county is ultimately responsible. The county may not, in our opinion, employ this device to assure proper maintenance; there are, however, alternatives that Harris County may lawfully utilize. See, e.g., V.T.C.S. arts. 6702-1, §3.102(e)(2) (bond required of low bidders on improvement contracts); 68121 (contracts for improvements of highways in counties with over two million inhabitants). Finally, we do not agree that maintenance bonds may be exacted as prerequisites to recording on the road log or as a prerequisite to plat approval. In your brief you contend that recording on the road log is equivalent to acceptance for county maintenance. The mere filing of a subdivision plat, however, is insufficient to constitute acceptance of a road for county maintenance. Attorney General Opinion JM-200 (1984). Similarly, we believe that mere recordation on the road log is insufficient to justify a maintenance bond, particularly since the county has at this stage undertaken no obligation to maintain the roads in question.

## S U M M A R Y

The Harris County Commissioners Court may require a bond from subdividers for the proper construction of roads in subdivisions in that county in an amount not to exceed the estimated cost of constructing such roads. The county may not require subdividers to post maintenance bond for such roads.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton