### J. R. BOND ET AL. v. THE TERRELL COTTON AND WOOLEN MANUFACTURING COMPANY.

#### No. 3169.

1. **Estoppel—Ultra Vires.**—A party borrowing money from a private corporation not having legal power to loan money, and executing a note therefor, is estopped from denying the power of the corporation to loan the money when it sues for its recovery.

2. **Powers of Corporations—Statute Construed.**—Article 587, Revised Statutes, provides: "No corporation created under the provisions of this title shall employ its stock, means, or other property, directly or indirectly, for any other purpose than to accomplish the legitimate purpose of its creation." This is merely declaratory of the common law, by which corporations are strictly confined in their powers to the limits and purposes for which created.

3. **Illegal Contract by Corporation.** — A corporate act becomes illegal when committed in violation of an express statute on a specified subject, or when it is malum in se or malum prohibitum. The loan of money by a corporation in excess or outside of its powers is not made illegal by said statute.

APPEAL from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*Manion & Huffmaster* and *Word & Charlton*, for appellants.—The court erred in its conclusion of law that defendants were estopped to question the want of power on the part of the plaintiff to make such loan unto them, because such act on plaintiff's part was forbidden by the laws of our State and the doctrine of estoppel does not apply; and because there were no pleadings on plaintiff's part to warrant such application of the doctrine of estoppel in this case. Rev. Stats., art. 587.

*William H. Allen*, for appellee.—1. The loan made by appellee and the note taken therefor being simply a temporary investment of funds on hand until work could be resumed, was a valid transaction. Boon on Corp., sec. 100, p. 133; Suydam v. Canal and Banking Co., 6 Hill, 217; Boatmen's Assn. v. Kribban, 48 Mo., 37.

2. The appellants having received in cash the full consideration for the note sued on, can not avail themselves of the objection that the contract thus fully performed by the appellee was ultra vires. Boon on Corp., sec. 101, p. 135; Bige. on Estop., p. 424; Zottman v. San Francisco, 20 Cal., 96; Arms Co. v. Barlow, 63 N. Y., 62; Hogue v. City of Philadelphia, 43 Pa. St., 527.

TARLTON, JUDGE, *Section B.*—This suit was brought November 9, 1889, by appellee against J. R. Bond and others, in the District Court of Kaufman County, to recover a balance due of $875 on a promissory note executed January 23, 1888, by appellants (J. R. Bond as principal and the others as sureties) in favor of appellee, and due twelve months from date.

Defendants answered, that the note was executed in consideration of money loaned by plaintiff to the principal Bond; that plaintiff at the time it made the loan was a private corporation under the laws of Texas, and was by its charter authorized and empowered to manufacture and vend cotton and woolen goods, and do other acts incident and necessary thereto; that under its charter plaintiff had no authority to loan money; that for more than seven years before the institution of the suit plaintiff had not engaged in the manufacture and sale of cotton and woolen goods, but had confined its operations to loaning money; that the note was void.

Plaintiff, by supplemental petition, denied defendants' averments, and alleged that the note sued on was executed for a loan made by it for the sole purpose of better enabling plaintiff to conduct its business in the manufacture and sale of cotton and woolen goods; that defendants received and appropriated the money to their own use and benefit, and are estopped to question the validity of the note.

January 4, 1890, judgment was rendered by the court (trying the case without a jury) in favor of appellee against appellants for the full amount sued for.

The court as matters of fact found among other things as follows:

1. That the note was executed in consideration of money loaned.

2. That plaintiff is a private corporation chartered under the General Laws of Texas of 1881, and its charter authorized it to manufacture and vend cotton and woolen goods, and do any and all things necessary thereto.

3. That plaintiff operated a cotton and woolen factory for about six months in 1882, and ceased active operations in the fall of 1882, because its funds and machinery were insufficient to successfully operate, and it has not since resumed.

4. That when plaintiff ceased operations it realized about $4000 in cash from goods on hand, which money was loaned out in three loans, the object of the loans being to pay expenses while the machinery was idle.

5. That plaintiff has never loaned money as a business, and at all times intended to use the proceeds of the note sued on in the prosecution of its business in manufacturing and vending cotton and woolen goods, provided sufficient capital could be raised to operate successfully.

From these facts the court concluded, as matter of law, as follows:

1. The plaintiff under its charter had no power or right to loan defendants its funds or capital.

2. Defendants having received the money for which the note was executed by them, are estopped from denying the power of plaintiff to loan the money.

The last finding of the court is assigned as error, and presents the only question to be considered by us, viz.: Are the appellants, who have received the money in consideration of which they executed the note sued on, in a position to question the appellee's right of recovery?

In considering the question, it will be conceded that the court was correct in finding that the act of the plaintiff corporation in loaning the money was ultra vires.

It seems now to be settled by the great weight of authority, that where there is a question of a contract between a corporation and another party, and the contract has been performed by the other party, and the corporation has received the benefit of the contract, it will not

be permitted to plead that on entering into the contract it exceeded its chartered powers. Railway v. Gentry, 69 Texas, 632, and the numerous authorities there cited. This rule operates conversely. If the other party has received from a corporation the benefit of a contract fully performed in good faith by it, he will not be heard to resist enforcement of the contract as to him by pleading the mere want of power in the corporation to enter into the contract. Arms Co. v. Barlow, 63 N. Y., 70; Darst v. Gale, 83 Ill., 136; Bradley v. Ballard, 55 Ill., 417; Cozart v. Railway, 54 Ga., 379; Tel. Co. v. Railway, 1 Fed. Rep., 745; Dimpfel v. Ohio, etc., Co., 8 Fed. Rep., 646; Hitchcock v. Galveston, 96 U. S., 341; Natchez v. Mallory, 54 Miss., 497; Thompson v. Lambert, 44 Iowa, 239; Railway v. Alleghany Co., 79 Pa. St., 210, 215; Watts' Appeal, 78 Pa. St., 370, 392; De Groff v. Am., etc., Co., 21 N. Y., 124; Gallion v. Hays, 29 Ohio St., 330, 340; Railway v. McCarthy, 96 U. S., 258, 267; Bliss v. Loan Co., 30 N. W. Rep., 465. This rule is supported by the more modern decisions, and seems to us to be founded in the suggestions of fair dealing and honesty. It does not appear, though the loaning of the money by the corporation to the appellant Bond was ultra vires, that his rights were in any way infringed by the transaction. Why, then, should he be heard to complain? If he should return the money which he received, he would be doing but an act of justice in restoring it to the stockholders of the corporation to whom it legitimately belongs. Meanwhile, if on account of the public welfare he feel solicitous that the corporation should be prevented from engaging in future loaning operations in excess of the power conferred by the statute under which it is organized, the remedy against such a usurpation can at any time be invoked by him. He could easily become the relator in a quo warranto proceeding to be instituted under article 4089i of the Revised Statutes.

We have found but one series of modern decisions militating against the views here expressed. We refer to the decisions of the Supreme Court of Alabama. In that State it is held that a person who has made a contract with a corporation which is ultra vires is not estopped from pleading the invalidity of the contract, though he has received the benefit of it. City Council v. Montgomery, etc., Co., 31 Ala., 76–88; Chambers v. Falkner, 65 Ala., 448; Bank v. Duncan, 54 Ala., 471. As expressed in the case first cited, the objection to the application of the doctrine of estoppel in the connection stated is, that "if it be established these corporations, no matter how limited their powers, may make themselves omnipotent. They have only to induce persons to contract with them beyond the scope of their powers, and their very usurpations will have the effect of conferring powers on them which the Legislature has withheld." We can not appreciate the force of this reasoning, as applicable to the jurisprudence of our own State. As above indicated, the remedy by quo warranto exists to prevent such

abuse of the corporate powers. A usurping corporation acts always under the menace of forfeiture and dissolution.

Appellants, however, contend that the doctrine of estoppel should not apply in this case, because the corporation is forbidden to use its funds for the purpose of loans by the statute under which it is organized; that in this case the act of the corporation was not merely without authority, but that it was in violation of law. The statute referred to is article 589, Revised Statutes, which reads as follows: "No corporation created under the provisions of this title shall employ its stock, means, assets, or other property, directly or indirectly, for any other purpose whatever than to accomplish the legitimate objects of its creation." It is true that a distinction is made between the act of a corporation which is merely without authority and one which is illegal. In the one case, it is a question of authority; in the other, of legality. A corporate act becomes illegal when committed in violation of an express statute on a specific subject, or when it is malum in se or malum prohibitum, or when it is against public policy. Beach on Priv. Corp., sec. 438; Taylor on Priv. Corp., secs. 293–295. If, therefore, the transaction here engaged in by appellee was not merely beyond its powers but was also illegal, in the sense stated, the contention of appellants should prevail.

It will be noted that article 589, relied upon by appellants, is a general statute. It is merely declaratory of the common law, by which corporations are strictly confined in their powers to the limits and fixed purposes for which they were created. The language of the statute at most emphasizes the doctrine of the common law. To such "general prohibitions, against the doing by corporations of acts beyond the scope of the corporate powers, courts appear to give little effect." Taylor on Corp., sec. 295; Curtis v. Leavitt, 15 N. Y., 54; Halstead v. Mayor, 3 N. Y., 430–433. And in many cases (and these in our opinion the most authoritative) where the statute has a specific but at the same time an implied application, the doctrine of estoppel against the beneficiary of an executed contract is not changed. Thus, in the case of National Bank v. Mathews, 98 United States, 621, it was held by the Supreme Court of the United States that a national bank could enforce against a mortgagor a mortgage on real estate executed to it as collateral security for future indebtedness; and this though the transaction was a loan on real estate, and though by a statutory provision regulating its powers (Rev. Stats. U. S., sec. 5137) it was by clear implication forbidden to loan money on real estate. The sovereign power alone can complain of the transaction. "We can not," is the language of the court, "believe it was meant that stockholders and perhaps depositors and their creditors should be punished and the borrower rewarded by giving success to this defense whenever the offensive fact shall occur. The impending danger of judgment of ouster and dissolution was, we think, the check, and no other, contemplated by Con-

gress." It appears to be the settled rule and doctrine of our highest tribunal that the benefited party to a contract executed by a corporation shall be held estopped from resisting the demand of a corporation founded upon such contract, even though by the statutory charter of the corporation it is by clear implication forbidden to enter into the contract. Bank v. Whitney, 103 U. S., 99; Swope v. Leffingwell, 105 U. S., 3; Reynolds v. Bank, 112 U. S., 405.

We therefore agree with the court below, that the appellants, having received the benefit of the loan, are in no position to question its validity, and we conclude that the judgment should be affirmed.

*Affirmed.*