## FIRESTONE TIRE & RUBBER COMPANY v. THE FISK TIRE COMPANY, INC.

No. 7041.  Decided February 16, 1938.
Rehearing overruled March 16, 1938.
(113 S. W., 2d Series, 175.)

*Stone & Guleke,* of Amarillo, for plaintiff in error.

Inasmuch as the agreement between the bus company and the Firestone Company was reduced to writing and is complete upon its face, and contained the specific provisions relating to the tires in possession of the bus company when· the contract with the Firestone Company became effective, an alleged oral contract which is at variance with it is unenforceable, there being neither mistake, fraud or ambiguity pleaded nor proven in the execution of such written contract. Continental Oil Co. v. Baxter, 59 S. W. (2d) 463; Winter v. Morgan & Williams, 256 S. W. 342; 2 Tex. Jur. 523; Ford Motor Co. v. Maddox

Motor Co., 3 S. W. (2d) 911; Helland v. Oppenheimer, 102 S. W. (2d) 299.

*E. D. Slough,* of Amarillo, for defendant in error.

The alleged oral contract did not change the written contract but was for a different purpose and carried a different consideration and was between one of the parties to the written contract and a stranger, and the rule that parol evidence is not admissible to change the terms of a written contract has no application. Thomas v. Hammond, 47 Texas 42; Burgie v. Bailey, 91 Ark. 383, 121 S. W. 266.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In the year 1931, a written contract existed between the Safety First Bus Company of Amarillo, Texas, hereinafter called the Bus Company, and the Fisk Tire Company, Inc., hereinafter called the Fisk Company, under the terms of which contract the last mentioned company furnished the use of its tires to the Bus Company, during the life of the contract, for which use the Bus Company was to pay on a mileage basis. By the terms of the contract the Bus Company was bound to purchase all tires belonging to the Fisk Company, which were in possession of the Bus Company at the time said contract came to an end. The contract terminated on October 9, 1931. About the first of June, 1931, the Firestone Tire and Rubber Company, hereinafter called the Firestone Company, began negotiations with the Bus Company looking to the procurement by the Firestone Company of a contract with the Bus Company with respect to furnishing the use of Firestone tires to the Bus Company, upon the termination of the contract of the Fisk Company. These negotiations extended over a period of several weeks, and were conducted on the part of the Bus Company by its president and general manager, A. E. Gosnell; and, on the part of the Firestone Company, by Louis H. Smith, a local dealer in Firestone tires at Amarillo in cooperation with W. B. McGinty, of Oklahoma City, who was the district manager for the Firestone Company. The negotiations resulted in a written contract between the two companies, with respect to the furnishing of the use of tires to the Bus Company, which bears date July 10, 1931. This written instrument is signed by Gosnell for the Bus Company and by J. W. Thomas, vice president of the Firestone Company, acting for such company. While the negotiations mentioned above were pending, McGinty orally agreed with Gosnell

that the Firestone Company would assume the obligation of the Bus Company to the Fisk Company with respect to the purchase of the Fisk tires in possession of the Bus Company when the contract with the Fisk Company terminated, and this agreement induced Gosnell to enter into the written contract with the Firestone Company mentioned above. Said written instrument contains among its various provisions, the following:

"Tires on busses and in possession of the operating company [the Bus Company] when this contract becomes effective shall, at the option of the operating company, be serviced by Firestone Company until worn out at the rate of twenty-five hundredths cents ($.0025) per bus mile. Operating company agrees to pay Firestone Company for such service rendered on or before the tenth of the following month."

It was further stipulated in the instrument that the contract should be and remain in force from August 1, 1931, to October 31, 1933. It appears to be conceded by the parties to this suit that this contract was put into effect October 9, 1931.

The Fisk Company's present suit is against the Firestone Company to enforce payment for tires belonging to the Fisk Company which were in possession of the Bus Company when the contract with the Fisk Company terminated on October 9, 1931. The petition of the Fisk Company, among various other appropriate averments, contains the following:

"That on or about July 10, 1931, the Firestone Company, defendant herein, entered into a contract with the Bus Company, whereby the Bus Company was to use Firestone tires on their coaches and busses. That as an inducement for the Bus Company to enter into said contract with the defendant and use the defendant's tires instead of Fisk tires, and before the Bus Company would enter into said contract the defendant by and through its agent, W. B. McGinty, agreed with and promised the Bus Company to take over and purchase all Fisk tires from the Bus Company, in possession of the said Bus Company upon termination of Bus Company's contract with Fisk Company, and pay the Fisk Company, plaintiff herein, for the unused mileage in said tires and relieve the Bus Company of its obligation and debt to the Fisk Company for the unused mileage. That the Fisk tires in the possession of the Bus Company were inventoried and appraised by agents of the Fisk Company, Bus Company and Firestone Company and the value of said tires was agreed upon as being the sum of two thousand four hundred six and 59/100 ($2,406.59), which amount was accepted by the Firestone Company as the value of said tires."

The case was tried before a jury on special issues, which, together with the answers of the jury thereto, are as follows:

"SPECIAL ISSUE No. 1.

"(a) Do you find and believe, from the preponderance of the evidence, that W. B. McGinty, prior to the time the defendant, Firestone Tire & Rubber Company, and the Safety First Bus Company entered into the contract dated July 10, 1931, promised said Bus Company that the defendant would take over and purchase all Fisk tires in the possession of the Bus Company." The jury answered "Yes."

"(b) If so, then do you find and believe, from the preponderance of the evidence, that such promise, if any, was made by said McGinty to induce the Bus Company to enter into said contract with the defendant." The jury answered "Yes."

"(c) Do you find and believe, from the preponderance of the evidence, that the said W. B. McGinty had the authority of the defendant to make such promise, if he did make it?" The jury answered "Yes."

"(d) Do you find and believe, from the preponderance of the evidence, that the said W. B. McGinty had the apparent authority to make such promise, if he did make it?" The jury answered "Yes."

"SPECIAL ISSUE No. 2.

"What do you find, from the preponderance of the evidence, was the value of the Fisk tires in the possession of the Bus Company on October 9, 1931?" Answer "$2406.59."

Upon the answers of the jury to the above special issues, the trial court rendered judgment in favor of the Fisk Company for the sum of $2,406.59. That judgment has been affirmed by the Court of Civil Appeals. 87 S. W. (2d) 794. The Firestone Company has been granted the writ of error.

The first contention of the Firestone Company is to the effect that there is no evidence to show that McGinty had authority to contract, in behalf of the Firestone Company, with reference to the purchase of the tires of the Fisk Company which were in possession of the Bus Company. We have carefully considered the evidence contained in the record and have concluded that this contention should be overruled. In this respect the opinion of the Court of Civil Appeals is approved.

1, 2    The further contention is made that there is no competent evidence to show the oral agreement between the Bus Company, acting through its president, Gosnell, and the Firestone Company, acting through McGinty, wherein the latter company agreed to assume the obligation of the former to purchase the

tires in controversy in the present suit. This contention is sustained. The trial court erred in rendering judgment for the Fisk Company based on said oral agreement. Save parol testimony, the record contains no evidence to show said oral agreement. The parol testimony is at variance with the terms of the provision of the written contract hereinabove set out. Said provision, in unambiguous language, shows that the obligation of the Firestone Company, respecting the tires involved in this controversy, extended no further than to service them until they wore out, if the Bus Company so elected, for the compensation specified. Under the authorities, the Bus Company could not, by means of parol evidence of the prior oral agreement, so extend the written obligation of the Firestone Company, in respect to said tires, as to impose upon the Firestone Company the additional obligation to purchase same or to assume the obligation of the Bus Company in such respect. The fact that the oral agreement induced the Bus Company to enter into the written contract would not alter the case. Rapid Transit Ry. Co. v. Smith, 98 Texas 553, 86 S. W. 322; Coverdill v. Seymour, 94 Texas 1, 57 S. W. 37; Kahn v. Kahn, 94 Texas 114, 58 S. W. 825; Cobb-Holman Lumber Co. v. Liechty, (Com. App.) 41 S. W. (2d) 18; Distributors Inv. Co. v. Patton, (Com. App.) 110 S. W. (2d) 47. As the case stands before us, there is no evidence to show that, at the time the written contract was made between the Bus Company and the Firestone Company, the Fisk Company had, by acceptance under the prior oral agreement between said contracting parties, acquired an independent right of its own. See Hill v. Hoeldtke, 104 Texas 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672. The oral agreement was subject to rescission or modification by the Bus Company and the Firestone Company as they saw fit. Edwards v. Beals, (Com. App.) 271 S. W. 887; 10 Tex. Jur., p. 488, Sec. 283. An acceptance subsequent to the written contract did not put the Fisk Company in any better position, in relation to the rule which forbids the varying of the terms of the written instrument by parol testimony, than is occupied by the parties to the written instrument. Vansickel v. Watson, 103 Texas 37, 123 S. W. 112; Johnson v. Portwood, 89 Texas 248, 34 S. W. 596; Norton v. Macatee & Sons, (Com. App.) 16 S. W. (2d) 517. It is true that the record discloses some evidence to the effect that a few days after the oral agreement was made, and before the written contract was signed, J. B. Chancellor, the transportation engineer for the Fisk Company, together with Gosnell and an agent of the Firestone Company, inventoried the Fisk tires in possession of the Bus Company and estimated their value as of date October 9,

1931. However, there is no evidence to show that Chancellor had any authority, by virtue of his position as transportation engineer or otherwise, to make any contract in behalf of Fisk Company with respect to the sale of the tires in controversy or that the last mentioned company, through him, participated in making said inventory and appraisement in contemplation of the oral agreement between the Bus Company and the Firestone Company. In short, there is no evidence to show that the Fisk Company at the time mentioned knew of said oral agreement. In no event, therefore, could it be said from the record before us that an acceptance by the Fisk Company under the oral agreement in question, may be inferred from the action of Chancellor on the occasion mentioned.

Because of the error hereinabove pointed out, the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court February 16, 1938.

Rehearing overruled March 16, 1938.