## AERO-GAS REFINING CO., Inc., v. FISK TIRE CO., Inc.

### No. 3898.

Court of Civil Appeals of Texas. El Paso. Jan. 25, 1940.

Rehearing Denied Feb. 23, 1940.

Joe E. Kelly, T. M. Milam, and R. D. Blaydes, all of Fort Stockton, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

WALTHALL, Justice.

The appellant, Aero-Gas Refining Company, Inc., by its secretary, J. C. Williams, addressed to the appellee, The Fisk Tire Company, Inc., a proposition in writing, proposing a contract for the purchase of its goods.

The first paragraph of the written proposition recites: "We are desirous of purchasing from you our requirements of Fisk Automobile, Truck and Bus Casings and Tubes for resale, and we submit the following proposal for your acceptance."

The second paragraph of the proposition recites: "In consideration of your agree-

ing to sell us our requirements of such merchandise, we agree to purchase at the prices and under the terms, stipulations and conditions hereinafter set forth," etc. (The remaining portion of the paragraph not deemed material to any of the issues presented).

The writing is lengthy, and, without quoting therefrom, appellant agrees in the writing to pay appellee. for all goods delivered.

Paragraph 21 of the proposition is pertinent to some of the issues presented, and we here copy that paragraph in full. It reads: "21. This agreement has been entered into under the inducements and representations herein expressed and no others, and constitutes our entire Agreement, superseding and cancelling all other Agreements between us, verbal or otherwise, relative to the subject matter hereof, except as to our obligation to pay in full for all merchandise purchased from you under previous Agreements. This Agreement shall not be altered, waived or modified except by written instrument signed by a duly authorized officer of your company at Chicopee Falls, Massachusetts and by ourselves. This Agreement is personal to us and neither it nor any rights arising out of it can be assigned or transferred by us either voluntarily or by operation of law, without your written consent."

Appellant's above proposition was accepted in full by appellee on January 12, 1937.

On December 2, 1937, appellant executed and delivered to appellee a series of six promissory notes for the principal sum of $190 each, payable to appellee at the Pecos County State Bank, Fort Stockton, Texas, the notes of the series made due and payable in 1938 as follows: the first note due on January 10, 1938, one due February 10th, one due March 10th, one due April 10th, one due May 10th, and one due June 10th. The first note of the series is set out in full in appellee's petition, and it is alleged that the remaining notes are identical in terms, conditions, facts and figures with the first note except as to due date. The notes bear six per cent interest from date until paid; the makers of the notes waive presentment, demand, protest and notice of dishonor, and agree to pay cost of collecting, including reasonable attorney's fees, if not paid at maturity; the notes bear even date; on failure to pay any one of said notes at maturity the remaining unpaid notes become due; time is made essence of the notes. Other provisions are made not pertinent to any issue here. The notes are signed by appellant J. C. Williams, as secretary-treasurer.

The parties agreed that $250 was a reasonable attorney's fee.

This suit is brought by appellee against appellant to recover on said notes. There is much in the issues pleaded which was eliminated on the trial and which we omit to state here.

The record shows that the above notes sued on were given by appellant for the purchase price of automobile tires sold and delivered by appellee to appellant under the above contract for the sale of automobile casings, tubes and automobile accessories.

Appellant answered by demurrers, general and special, general denial and special answers.

Among the special answers appellant alleged, in the alternative, that appellee, through its authorized agent and representative, Joe Caldwell, agreed with J. C. Williams that appellee would execute a guarantee on all automobile casings delivered to appellant, and would execute a written tire guaranty bond to purchasers of such casings; that as to such guaranty, and before the maturity of the debt sued upon, appellee breached the provisions of said guaranty contract and refused to accept adjustments made on automobile casings, and refused to accept on demand a return of automobile casings and tubes and other accessories.

Appellant, as a special matter of defense, alleged that appellee, through its agent, Joe Caldwell, verbally represented to J. C. Williams that if Williams would accept such tire agency, appellee would not establish any other sales agency for handling its casings and accessories in the Big Bend territory covering the counties of Pecos, Terrell, Brewster, Presidio and Jeff Davis, and that Williams, relying upon representations of Joe Caldwell, accepted said agency; that appellee violated said verbal agreement as to territory and established sales agencies in Brewster and Presidio counties to appellant's damages as alleged, and prayed, in the alternative, that appellant, should appellee recover on the notes, be adjudged the right to offset an amount equal to such recovery.

Without fully stating its answer to appellant's special matter pleaded as above, appellee by supplemental pleadings, by demurrers, general and special denials, traversed the facts pleaded by appellant; alleged that J. C. Williams was appellant's special officer in the execution of said notes for the merchandise sold to appellant; denied lack of authority in Williams to execute the notes; specially pleaded the provisions of the contract of January 12, 1937, above referred to; alleged that the notes were given for the amount appellant and appellee determined was then due; denied any breach of the contract it had made; denied that appellant ever sought any adjustment under the terms of said contract.

J. C. Williams and R. J. Reischman were made defendants in the appellee's original suit, but no judgment having been rendered against them or on their cross-action, we omit all pleadings and other matters as to them.

The case was submitted to the court and tried without a jury. The court overruled appellant's exceptions, to which appellant duly excepted. The court overruled appellee's exceptions except as to the verbal contemporaneous agreement made with Joe Caldwell, above referred to in regard to the matter not to establish any other Fisk Tire sales agency in the Big Bend district, to which ruling appellant duly excepted.

The court rendered judgment that appellee take nothing against J. C. Williams and H. J. Reischman, and rendered judgment in favor of plaintiff (appellee) and against appellant in the total sum of $1,-349.51, with interest from date of judgment, and costs.

From that judgment appellant corporation appeals.

Opinion.

Appellant offered evidence to show the making of the verbal agreement with Joe Caldwell as to the district within which appellant should have the exclusive right to sell the automobile appliances, and to show appellant's damages by reason of the alleged breach of such agreement, such constituting appellant's alternative cross-action. The court sustained appellee's objection thereto; appellant excepted, and its first two assignments complain of the court's ruling thereon.

The matter contained in the parol agreement is not found in the written contract of January 12, 1937, between appellant and appellee. It is not alleged that the terms of the parol agreement were omitted therefrom by reason of fraud, accident or mistake. The written contract is not ambiguous. It embraces the subject matter of the parol agreement, and we think it is conclusive of the intention of the appellant and appellee in executing the written contract, especially paragraph 21 of the written contract set out in the above statement. The parol agreement is at variance with and adds to what is expressed in the written contract, which is inadmissible. The court was not in error.

The law is concisely and clearly stated in 17 Tex.Jur., page 858, and the cases referred to in notes under paragraph 390. Firestone Tire & Rubber Co. v. Fisk Tire Company, 131 Tex. 158, 113 S.W.2d 175.

Appellant questions the authority of J. C. Williams to execute the contract for appellant under which the notes sued on were given and the notes sued on.

Appellee objects to a consideration by this court of that assignment for reasons stated.

We have concluded to consider the assignment, though we doubt the advisability of doing so, the record not showing a plea of non est factum, nor is the answer of appellant raising the issue of want of authority to execute the contract or notes duly verified.

The undisputed evidence shows that prior to and at the time of the execution of the contract and notes by J. C. Williams he was secretary and treasurer of appellant corporation, was one of its three directors, had charge of its books and business, employed its employees; its superintendent was under him, no one else stayed at its main office; he prepared and furnished the appellant's financial statement, signed an order to purchase of appellee casings, tubes, etc., and continued to do so until September, 1937, at which time appellant owed appellee about $1,400 then past due on the purchase price, and that as a result of the negotiations he gave appellee a check for $269.88, and executed the notes sued on for the balance due. J. C. Williams testified that he had authority to sign all corporation papers; that he signed checks; that R. J. Reischman, the president, was not present when the original contract was signed, he subsequently informed the president of the contract, and that the president made no objection. The record shows that Williams owned one-

third of the stock of the corporation, and that the corporation benefited to some extent by the contract.

While the court made no finding of fact, the judgment necessarily embraced the fact that Williams was authorized to execute the written contract and notes.

The case is affirmed.

## On Motion for Rehearing.

In the opinion we were in error in stating that Williams owned one-third of the stock of the corporation. The record shows that Williams had owned about one-third of the stock of the corporation, and that at the time of the trial he owned one share. The record does not show the interest he owned at the time the contract of January 12, 1937, was executed.

We think that only two controlling questions are presented: First, was the act of Williams in executing the contract of January 12, 1937, on behalf of appellant corporation ultra vires, as pleaded by appellant?

▆ Appellant had one filling station that handled only appellant's gas. Appellant's station man, a Mr. Simms, had at the filling station oil, gas and automobile accessories. The tires bought from appellee were turned over to Simms, who kept them at that filling station and sold them from there. In answer to the question, "It is very common for gasoline stations to also sell tires, is it not?" witness J. C. Williams, one of the defendants, answered: "Most of them do." We think we were not in error in overruling appellant's assignment No. 3, thereby holding that the execution of the contract by J. C. Williams for appellant was not an act ultra vires. But should it be held that the act was ultra vires, our courts have uniformly held, as a rule of law, that an action for damages for breach of a contract, or suit upon the contract, will not be avoided by the plea of ultra vires where a corporation has accepted the benefits of a contract fully performed by the other party, then refuse payment on the ground that the contract was ultra vires. Long Bell Lbr. Co. v. Hampton et al., Tex.Civ.App., 20 S. W.2d 1081, 1083. In Kincheloe Irr. Co. v. Hahn Brothers & Co., 105 Tex. 231, 146 S. W. 1187, it is held that when the corporation has received benefits under the alleged ultra vires contract the corporation is estopped from denying its power to make the contract, and refers to many cases as so holding. In our opinion, under the facts before us, the issue of ultra vires is not in the case.

The second issue we think to consider more fully is the authority J, C. Williams had to sign appellant's name to the contract and notes.

▆ The undisputed facts show that appellant was operating an oil refinery and was engaged in drilling oil wells for other parties. The facts unquestionably show that J. C. Williams was appellant's general manager in the operation of its business. Corporations act exclusively through agents. J. C. Williams testified that he executed the contract of January 12, 1937, and the notes sued upon. After executing the contract he bought from appellee the goods, wares and merchandise for which the notes, subsequently, were given in payment. It is appellant's contention that in executing the contract and notes Williams exceeded his authority. As held by Judge Dibrell in Kincheloe Irr. Co. v. Hahn Brothers & Co., supra, in answering the contention there urged that the general manager exceeded his authority in making the contract in that case declared upon, that Bullock, as defendant's general manager, undertook to comply with the terms of the agreement, and hence the plea of Bullock's exceeded authority is not available as a defense.

The same question is discussed and decided by the Supreme Court against appellant's contention in Bond et al. v. Terrell Cotton & Woolen Mfg. Co., 82 Tex. 309, 18 S.W. 691; Texas & W. Railway Co. v. Gentry, 69 Tex. 625, 632, 8 S.W. 98, and numerous authorities in other jurisdictions referred to in the Bond v. Terrell C. & W. Mfg. Co. case, supra, [82 Tex. 309, 18 S.W. 691, 693] and the cases referred to in appellee's brief. In the Bond case Judge Tarlton refers to some cases in other jurisdictions holding as contended by appellant. As to said cases Judge Tarlton said, "We cannot appreciate the force of the reasoning as applicable to the jurisprudence of our state."

Other than the correction made the motion is in all matters overruled.