## FISK TIRE CO., Inc., v. FIRESTONE TIRE & RUBBER CO.

### No. 5205.

Court of Civil Appeals of Texas. Amarillo.

Oct. 7, 1940.

E. D. Slough, of Amarillo, and Frank L. King, of Alexandria, Minn., for appellant.

Stone & Stone, of Amarillo, for appellee.

FOLLEY, Justice.

This is the second appeal of this case. The opinion of this court in the former appeal will be found in 87 S.W.2d 794. A writ of error was granted by the Supreme Court, and the opinion of the Commission of Appeals reversing this court and the trial court will be found in 131 Tex. 158, 113 S.W.2d 175, 177. We refer to both of these opinions for a statement of such facts as we deem unnecessary to restate here.

In the former appeal in a trial before a jury judgment was rendered for the Fisk Tire Company against the Firestone Tire & Rubber Company. In the instant appeal the trial was before the court without a jury. Judgment was entered for the Firestone company denying the Fisk company a recovery. We have a statement of facts in the present record but there are no findings of fact or conclusions of law from the trial court.

In 1931 the Safety First Bus Company of Amarillo, Texas, had a written contract with the appellant, the Fisk Tire Company, wherein the appellant furnished the use of its tires to the bus company upon a mileage basis. The contract provided that the bus company upon the termination of the agreement, unless the contract was renewed,

should purchase all tires then in service at the Fisk company's current service station price. The term of this contract was from December 31, 1930, to December 31, 1931. Some time in May or June, 1931, the appellee, Firestone Tire & Rubber Company, began negotiations with the bus company to secure a similar contract to furnish its tires to the bus company upon a similar mileage basis. These negotiations extended over a period of several weeks. They were conducted upon the part of the bus company by its president and general manager, A. E. Gosnell, and upon the part of the appellee by Louis H. Smith, local dealer in Firestone tires in Amarillo, in cooperation with W. B. McGinty of Oklahoma City, Oklahoma, district manager of the Firestone company. The negotiations resulted in a written contract between the bus company and the Firestone company of the date of July 10, 1931.

It will be noted from the opinions in the former appeal, the record therein revealed, and jury findings were made, that while the negotiations were pending and before the execution of the written contract with Firestone, McGinty orally agreed with Gosnell that the Firestone company would assume the obligation of the bus company to the Fisk company with respect to the purchase of Fisk tires in possession of the bus company and that this agreement induced Gosnell to enter into the written contract with the Firestone company. It was upon such record that this court affirmed the former judgment allowing the Fisk company a recovery. The Commission of Appeals reversed the trial court and this court chiefly upon the ground there was no competent evidence to establish the oral agreement between the bus company and Firestone and held that the parol testimony was at variance with the provisions of the written contract. The Commission of Appeals further indicated in its opinion that as the case then stood there was no evidence to show that at the time the written contract was made between the bus company and Firestone, "the Fisk Company had by acceptance under the prior oral agreement between said contracting parties, acquired an independent right of its own". It was further held that the oral agreement was subject to rescission or modification and that an "acceptance subsequent to the written contract did not put the Fisk Company in any better position in relation to the rule which forbids the varying of the terms of the written instrument by parol testimony, than is occupied by the parties to the written instrument."

In the record now before us it is apparent the Fisk company endeavored to escape the binding effect of the above holdings of the Commission of Appeals. In this connection the Fisk company alleged, among other things, that W. B. McGinty, the duly authorized agent of the Firestone company, promised the bus company that if it, the bus company, would enter into a written mileage contract with Firestone, the latter company would assume the obligation of the bus company to purchase the Fisk tires at the termination of the contract with the Fisk company; that in consideration for such oral promise the bus company executed the written contract; that the Fisk company received notice of said parol agreement and accepted as beneficiary thereunder; that a joint inventory and appraisal of the Fisk tires was completed on October 8, 1931; that said inventory and appraisal was made by J. C. Chancellor representing the Fisk company, Jess Mallow, representing the Firestone company, and A. E. Gosnell, representing the bus company, all of such appraisers being duly authorized agents of their respective companies; that following the completion of the inventory the Fisk company cancelled its contract with the bus company and the Fisk tires then in use were delivered to the Firestone company; and that the Firestone company took possession of these tires valued at $2,406.59 and appropriated them to its own use.

If it might be said that the above allegations were sufficient to avoid the binding effect of the holdings, of the Commission of Appeals in the former appeal, we think it is a controverted issue of fact as to whether or not the testimony established in the Fisk company an independent right of its own by virtue of the alleged oral agreement. In undertaking to discharge this burden thus placed upon it the Fisk company relied chiefly upon the testimony of the witness A. E. Gosnell, who, by reason of his connection with the bus company, was an interested witness. He testified that at the beginning of the negotiations he told McGinty and Smith the Fisk tires on the buses would have to be disposed of before the contract with Firestone was signed; that before the written contract was prepared McGinty, in company with Smith, agreed that Firestone would pur-

chase the unused mileage in the Fisk tires but that it would be necessary for an engineer from his company and one from the Fisk company to meet with Gosnell and "arrive at an inventory price to be paid for these tires"; that ordinarily the inventory price or value of the used or unused tires was determined by an estimate agreed upon by the parties involved; that he had testified by deposition in the former trial that he signed the contract between August 15, 1931 and September 15, 1931, but upon checking his records he learned he was mistaken about the date and that it was October 8, 1931; that the engineers of the respective tire companies met in Amarillo October 6, 1931, and began the inventory which was completed October 8, 1931; that on the latter date the witness signed the written contract bearing the date of July 10, 1931; that at the time he executed the contract it had not been executed by the Firestone company; that he was informed that it would be necessary for the instrument to be sent to Akron, Ohio for the signature of the officials of the Firestone company; and that by mutual agreement between him and the Fisk company the contract with the latter company was terminated at midnight October 8, 1931.

The above testimony of Gosnell was sharply controverted. The contract with Firestone contained no provision for the purchase of the Fisk tires, but on the contrary contained the provision indicated in the opinion of the Commission of Appeals to the effect that the Fisk tires on the buses should, at the option of the bus company, be serviced by Firestone until worn out. Louis H. Smith, local Firestone dealer, by his own testimony and that of Gosnell, was present during the negotiations between McGinty and Gosnell. Smith testified that he had no connection with Firestone except as a dealer in such company's tires; that his only interest in the matter was that if Firestone received the contract his service station would be called upon to service the Firestone tires for a remuneration; that during the negotiations for the company he mentioned to Gosnell no less than two or three different times that he (Smith) had previously been with the Firestone company and knew how these mileage contracts should be handled; that all contracts had to be signed at Akron, Ohio; that no one had any authority to make them except the Firestone Tire & Rubber Company at Akron; that McGinty did not say anything to Gosnell about his authority to make a contract for Firestone; that he heard McGinty say to Gosnell that any agreement they made would have to be submitted to the Firestone company at Akron; that nothing was said about the unused mileage of the Fisk tires during the negotiations; that the written contract was presented to Gosnell for his signature some time in August, 1931; that such contract was presented to Gosnell for his signature only one time; that Gosnell read the contract; that Gosnell signed the contract when first presented; that Gosnell made no objections to the contract because it contained no provision for Firestone to take over the unused mileage of the Fisk tires; that shortly after the contract was signed the Fisk tires were taken off of the buses of the bus company at the witness's service station in Amarillo and were replaced by Firestone tires; that the Fisk tires which were removed were delivered to the bus company; and that he had nothing further to do with the Fisk tires after they were returned to the bus company.

■ In addition to the above testimony from the witness Smith, there were other circumstances in the record tending to support the theory of the appellee that no oral agreement was made, and, if made, that the same was not accepted by the Fisk company prior to the execution of the written contract with Firestone nor at any other time, but we deem it unnecessary to discuss the evidence further for the reason that, in our opinion, Smith's testimony was sufficient to present an issue of fact relative to the existence and acceptance of the oral agreement, which controverted issue has been resolved against the appellant by the judgment of the trial court. Under such circumstances the judgment herein must be affirmed. Boyd et al. v. Keystone Driller Co., Tex.Civ.App., 6 S.W.2d 221, writ of error refused; Johnson et al. v. Campbell et ux., Tex.Civ. App., 107 S.W.2d 1111; 3 Tex.Jur. 507, para. 355.

The judgment is affirmed.