**QUINN v. WILKERSON et al.**

No. 14765.

Court of Civil Appeals of Texas. Fort Worth.

May 31, 1946.

Rehearing Denied June 28, 1946.

400

William Pannill and E. G. Aycock, both of Fort Worth, for appellant.

L. J. Wardlaw, A. L. Wardlaw, and Brantley Pringle, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellant Quinn was the general contractor on a federal housing project in Mc-Alester, Oklahoma. By a written contract Quinn sublet a part of the work to appellees Wilkerson and Pettijohn. This suit is based in part on a count for an alleged balance due the subcontractors under their written contract, and in part on a quantum meruit count for an additional amount alleged to be due for other work done in addition to that performed under the written subcontract. Quinn set up certain claims by way of offset. The issues on appeal are narrowed to three items, the nature of which will appear from this opinion.

In the quantum meruit count appellees claimed that appellant requested them to move certain rock which had been excavated on the project, that the amount of rock so moved was 1166 yards, and that the reasonable value of moving the rock was $3 per yard. The jury verdict is favorable to appellees on this claim.

Under the first point of error appellant contends that the trial court erred in overruling appellant's special exception and motion to strike directed at the paragraph of appellees' petition setting out the quantum meruit count for recovery for moving the 1166 yards of rock above referred to. Two contentions are presented under the point of error.

The substance of the first contention is that the allegations of the quantum meruit count did not give appellant notice of the relief sought or the proof necessary to meet the allegations, in that they did not state the date or dates on which the alleged services were performed, but merely stated that the rock was moved at the request of appellant, on or about February 15, 1944, and that they did not show the dates when the rock was moved, or by whom, or in what quantities, and were too uncertain and indefinite to give appellant such notice as would enable him to prepare his defense.

Appellant first attacked the sufficiency of the allegations in question in his first amended original answer. In a supplemental petition appellees alleged that they moved the rock, beginning about February 15, 1944, and at various times thereafter until August of that year, that they moved it from the site described in the contract between appellant and appellees, and that the bulk of the rock came from the trenches dug for the foundations for the houses on the site, and a small amount from the plumber's excavations under the houses, and from holes dug by the electricians. Under our present rules of pleading, we believe that the allegations in question were sufficient to give appellant fair notice of the claim. Texas Rules of Civil Procedure, rules 45, 47. And even if the petition might have been more in detail, we can find from the record as a whole no indication that the paucity of appellees' pleadings was such as was reasonably calculated to cause or did cause any harm to appellant. Rule 434.

The other contention made under this point of error relates to an allegation in appellees' pleadings that appellant was paid the sum of $9.50 per yard by the Federal Government for the rock removed by appellees. It is claimed that the allegation was immaterial to any issue in the case, that it was highly inflammatory, and that it was prejudicial to appellant's defense. It seems to us that the allegation was material, in that it had some bearing on the question of whether or not the parties contemplated that appellant should pay appellees for removing the rock that was not covered by the written subcontract. In determining whether such was the case, it was proper to take into consideration the fact that appellant as the general contractor was paid by the Federal Government for the re-

moval of such rock. The allegation tended to show that appellant received benefit from the work done at his special instance and request by appellees, and that, in good conscience, he should pay appellees for the reasonable value of their work. Tramonte v. A. J. Rasmussen & Sons, Inc., Tex.Civ. App., 167 S.W.2d 566.

▇ According to appellees, they were requested to move the rock by Mr. Paschal, appellant's superintendent. Appellant contends that there is no proof of the superintendent's authority to request appellees to move the rock. Without discussing the evidence in detail, we overrule the contention, because it is plain from the evidence in the record that Paschal was the general superintendent on the job, that appellant was required by his contract with the Government to keep a general superintendent on the job, and that Paschal had at least implied authority to request appellees to haul this rock. Viewed in the light favorable to the verdict, the testimony showed that the rock in question needed to be moved in order that appellees could proceed with the work required of them under their subcontract, that they asked the superintendent to move the rock out of their way, that he told them that he did not have the equipment required to move the rock, and that he requested appellees to move it. Quinn was away from the project some of the time, and the evidence is amply sufficient to show that Paschal had at least enough general authority as superintendent to order the removal of the rock so that the work of the project could go forward.

▇ Appellant next charges error in admitting oral evidence that the removal of the rock referred to in the quantum meruit count was work done outside of the written contract. The substance of the complaint seems to be that oral evidence was thus admitted to construe the written contract. We do not so consider the evidence in question. To our minds it is clear that the removal of this rock was not something required by the written contract. The real battle in the trial court was over the question of whether appellees did or did not move this particular rock. It is evident from the record that both parties understood that such was the issue between them. Appellees testified that they were requested by the superintendent to move the rock and that they did so. The superintendent denied that he made any such request of appellees, and denied that appellees moved this particular rock, maintaining throughout that the rock was moved by Quinn, the general contractor. The oral evidence of removal of rock outside of the contract was admissible by way of identifying the rock in question from other rock which appellees were required to remove under the terms of their written subcontract.

▇ Under the fourth point appellant urges that error was committed in permitting appellees to testify that they would not have moved the rock if they had not believed that they would be paid therefor. Bearing in mind that appellees were seeking to recover on a theory of quantum meruit, it seems to us that it was material to inquire whether they did the work with the expectation of being paid, else it might be thought that they did the work gratuitously.

▇ Under the fifth point appellant complains of the testimony of appellees that moving the rock was worth $3 per yard. The complaint is based on the contention that appellees admitted that they did not know how much was moved, or what distance any particular amount was moved, or how much was moved by any particular means. We overrule the contention. When the testimony is examined as a whole, it appears that the estimate of value of the services was based on the average of the whole amount moved. Appellees were both experienced contractors, and any objection to the testimony would go to its weight rather than to its admissibility. Furthermore, this matter was not assigned as error in the motion for new trial, and cannot now be relied on as error.

▇ The subcontract required appellees to carry certain insurance, but did not name the company or companies with whom such insurance should be carried. Appellant alleged and sought to prove that he and appellees had an independent oral contract, coincident with the written contract, requiring appellees to carry the insurance

with a named insurance carrier, and that, through failure of appellees to insure with the named carrier, appellant suffered the loss of some $450 which he would have received as some sort of rebate on premiums. The trial court refused to admit the testimony, and appellant assigns such action as error under his sixth point. We overrule the assignment. There are some situations where parole evidence may be introduced to show that the recital of consideration in a written instrument is inaccurate, and others where a parole agreement may be established, although it constituted the inducement to one of the parties to enter into another contract which is in writing. But we do not have such a case here. The excluded testimony in this case would establish a parole contract which adds to the burdens of the written contract between the parties. We would then have a case where the written contract purports to cover the agreement of the parties about insurance to be carried by appellees, and also a contemporaneous oral contract imposing upon appellees additional requirements concerning the same subject matter. For an excellent discussion relating of this question, see Johnson v. Johnson, Tex.Com.App., 14 S.W. 2d 805; and for a case where a contention not unlike that here presented was rejected, see Firestone Tire & Rubber Co. v. Fisk Tire Co., 131 Tex. 158, 113 S.W.2d 175, 177. In the last-cited case the court said: "The fact that the oral agreement induced the Bus Company to enter into the written contract would not alter the case."

The real dispute in this case, as we see it, is whether there is any evidence of probative value tending to support the claim that appellees moved the 1166 yards of rock as alleged in their quantum meruit count. We have held that there was sufficient evidence to show authority in the superintendent to request removal of the rock. There was also sufficient evidence to support the finding that the superintendent ordered its removal. Appellees said that he did; the superintendent said that he did not. The superintendent said that appellees did not remove the rock in question, but that it was removed by Quinn's employees. The testimony of appellees is to the contrary. When it comes to the question of the amount of rock removed by appellees, however, the proof is meager. The evidence strongly suggests that the only information possessed by appellees as to the amount of rock moved came from certain reports made by agents of the Federal Government, but the testimony offered by appellees concerning those reports was excluded as hearsay. The estimate made by appellee Wilkerson while on the witness stand as to the amount of rock moved was finally demonstrated on cross-examination to be nothing more than a mere guess, and therefore has no probative value. But appellee Pettijohn declared that he saw the rock which appellees moved, that from his long experience he could tell how much there was, and that it amounted to 1166 yards or more. We are not able to see how we can disregard this testimony, even though the evidence of the amount of rock removed is meager. Appellant argues with much earnestness that the proof is conclusive that appellees did not know, and failed altogether to prove, how much rock they removed, if any at all. We shall not detail the evidence cited by appellant, because, as has so often been held, in determining whether there is evidence to support the verdict, we must discard all evidence adverse to the verdict, and give credit to all evidence favorable to the verdict, and indulge every legitimate conclusion favorable to appellees which might be drawn from the facts proved. Wininger v. Fort Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150. Nor do we see fit to order a new trial on the ground of insufficiency of the evidence. The Court of Civil Appeals is not authorized to set aside the verdict merely because it is against the preponderance of the evidence, but may set it aside and order a new trial only where the findings are so against the preponderance of the evidence as to be clearly wrong, or as to show passion or prejudice, or are in such obvious conflict with the justice of the case as to render them unconscionable. 3 Tex.Jur., p. 1097. We do not consider that we have such a case here. The testimony was in sharp conflict. It was the function of the jury, and not of this court, to settle that conflict.

Appellant also urges that the verdict cannot stand because the evidence shows that much of the rock was not removed from the project site, as found by the jury, but was moved by bulldozers and other equipment to other portions of the building site and used to fill in low places and there buried beneath other dirt. In the light of the whole record, we cannot sustain this contention. Viewed in a light favorable to the verdict, the evidence shows that the rock in question had been piled up immediately outside the buildings, and had to be moved elsewhere in order that other work on the project might go forward. From a practical standpoint, it is difficult to see how the jury could have been misled in the form of the issue submitted to them, because they must have understood that the term removal from the project site meant removal of the rock from the .place it had been piled up to some other point, on or off the tract covered by the entire building project, in such manner as would be in conformity with the overall plan being carried out. It is to be remembered that the contention just described is made under the point of error which complains of the refusal of the court to render a judgment notwithstanding the verdict, and that appellant has not assigned error on the theory that the verdict is 'at variance with the pleadings.

Appellant claimed damages on the ground that appellees delayed appellant in the final completion of the project. The jury found in answer to the seventh special issue that the delay in final completion of the project was not caused by any failure on the part of appellees. Appellant urges that there is no evidence to support the finding. We overrule the contention. Appellant sought and obtained from the Federal Government an extension of time within which to complete the contract. In his written application for such extension of time he outlined the reasons why he was entitled to an extension, setting up the delay was caused by inability to obtain labor and materials. This application was sufficient to constitute an admission against interest as against the claim presently asserted that the delay was caused by failure of appellees to do their work within the time required by the subcontract, and tends to support the finding of the jury. Also, there is other evidence in the record which tends to support the verdict which we do not deem it necessary to set out here.

We have carefully examined all points of error, and have concluded that none of them presents reversible error.

The judgment of the trial court is affirmed.

On Motion for Rehearing

We desire to call attention to one matter set out in appellant's motion for rehearing. The motion for rehearing contains the following statement: "The Trial Court erred in not sustaining Appellant's exceptions to the allegation that the Government paid Appellant $9.50 per yard for the rock removed by Appellees, and also erred in admitting proof under said allegation that Appellant was paid $9.50 for all the rock excavated by Appellees under said contract, and that Appellees were only paid $6.00 for the same work by Appellant."

In his brief appellant complained because the trial court did not sustain his exception to the allegation in appellees' petition that appellant was paid $9.50 per yard for the rock removed by appellees, but did not complain of the admission of proof that appellant was paid $9.50 per yard for excavation of rock. In other words, the complaint made in the second half of the sentence quoted from appellant's motion for rehearing is made for the first time in the motion for rehearing, and therefore cannot be considered at this late date.

We have carefully considered the motion for rehearing, and believe that it should be overruled.